ROBERTSON, Justice:
John Gill filed a petition for writ of mandamus in the Circuit Court of the Second Judicial District of Harrison County, Mississippi, to compel Albert Necaise, District Attorney, to give him an unqualified character recommendation to the State Insurance Department so that Gill might secure a renewal of his license to engage in the business of a professional bondsman. The petitioner prayed in the alternative that the district attorney be required to show cause why he refused to give him an unqualified character recommendation.
In his petition, Gill quoted from Section 8745-02, Mississippi Code 1942 Annotated (Supp.1972):
“On any original or renewal application for a license, the application shall be denied unless the application includes an unqualified character recommendation from a circuit court judge and the district attorney of the circuit court district in which the applicant maintains his domicile.”
The District Attorney filed a General Demurrer stating:
1.
That the petition states no cause of action.
2.
That neither this Court nor any other Court has jurisdiction of the subject matter as stated in the petition.
*159 The circuit court entered the following order:
“The demurrer of the District Attorney is sustained for the reason that the Court has no authority to compel the District Attorney to give the Petitioner a written character reference to submit with the application of the Petitioner to the Department of Insurance for a license to engage in the business of a professional Bail Bondsman. The Petition for a writ of mandamus is therefore dismissed.”
Petitioner appeals. We affirm.
Section 8745-03, Mississippi Code of 1942 Annotated (Supp.1972) provides:
“(a) Any person desiring to engage in the business of professional bondsman, soliciting agent, or runner in this State shall apply to the department for a license on forms prepared and furnished by the department. Such application for a license, or renewal thereof, shall set forth, under oath, the following information :

“(b) Each applicant shall satisfy the department of his good moral character by furnishing references thereof, including a written character reference of a circuit judge and district attorney of the circuit court district in which the applicant maintains his domicile.

“(d) The department shall, upon receipt of the license application, the required fee, and proof of good moral character, and, in the case of a professional bondsman, an approved qualification bond in the required amount, issue to the applicant a license to do business as a professional bondsman, soliciting agent, or runner, as the case may be.”
Section 8745-06, Mississippi Code 1942 Annotated (Supp.1972), provides, among other things:
“(a) The department may deny, suspend, revoke, or refuse to renew as may be appropriate, the license of any person engaged in the business of professional bondsman, soliciting agent, or runner for any of the following reasons:

“(b) Before any license shall be refused or suspended or revoked, or the renewal thereof refused hereunder, the commissioner shall give notice of his intention to do so, by registered mail, to the applicant or licensee and to the insurer or professional bondsman appointing or employing the applicant or licensee, as the case may be, and shall set a date, not less than twenty (20) days from the date of mailing such notice, when the applicant or licensee and a duly authorized representative of the insurer or professional bondsman may appear to be heard and produce evidence. Such notice shall constitute automatic suspension of license. In the conduct of such hearing, the commissioner or any regular salaried employee specially designated by him for such purpose shall have power to administer oaths, to require the appearance of, and examine any person under oath and to require the production of books, records or papers relevant to the inquiry upon his own initiative or upon the request of the applicant or licensee. Upon the termination of such hearing, findings shall be reduced to writing and upon approval by the commissioner, shall be filed in his office and notice of the findings sent by registered mail to the applicant or licensee and the insurer or professional bondsman concerned.
“(c) Any person aggrieved by an act of the commissioner under the provisions of this act, may appeal therefrom within thirty (30) days after receipt of notice thereof to the circuit court of the county in which is located the domicile of said person by writ of certiorari upon giving bond with the surety or sureties and in such penalty as shall *160 be approved by the circuit clerk of said county, conditioned that such appellant will pay all costs of the appeal in the event such appeal is not prosecuted successfully. The said circuit court shall have the opportunity and jurisdiction to hear said appeal and render its decision in regard thereto, either in term time or vacation time.” (Emphasis added).
The petition of Gill nowhere alleges that the Insurance Commissioner has refused to renew his license for the reason that the district attorney refused to sign an unqualified character recommendation.
The petition nowhere alleges that Gill appeared at the hearing provided for by Section 8745-06, supra, and produced evidence thereat of his good moral character.
The circuit court was correct in sustaining the demurrer of the district attorney not only for the reason given by the court but also because the petition simply did not state a cause of ación.
The legislature provided first for a full hearing before the Insurance Commissioner or his designated representative. Section 8745-06(b). Gill should have followed the statutory procedure outlined in Section 8745-06(b) and taken advantage of the opportunity offered to be heard and to produce evidence of his good moral character, and to question the district attorney as to his reasons for not giving him a character recommendation. Then if he were dissatisfied with the written findings of the Insurance Commissioner he could appeal to the circuit court. The statute says: “The said circuit court shall have the opportunity and jurisdiction to hear said appeal and render its decision in regard thereto, either in term time or vacation time.” Section 8745-06(c).
The circuit court was correct in sustaining the demurrer of the district attorney because the petitioner did not state a cause of action and did not follow the statutory procedure providing for: (1) a full hearing before the Insurance Commissioner, and (2) if aggrieved at the Commissioner’s findings, an appeal to the circuit court.
The judgment of the circuit court sustaining the demurrer to the petition for a writ of mandamus is affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON, INZER and SMITH, JJ., concur.